# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0619-WS-C |
| | ) |
| PRESLEY-FLUKER FUNERAL | ) |
| DIRECTORS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiff's Response to Show Cause Order (doc. 25), Motion for Clerk's Entry of Default as to Defendant Calvin C. Fluker, Jr. (doc. 26) and Motion for Default Judgment and Motion to Strike Calvin C. Fluker, Jr.'s Untimely Filed Responsive Pleadings (doc. 27).

Plaintiff, Maryland Casualty Company, brought this insurance declaratory judgment action against several defendants, one of whom is Calvin C. Fluker, Jr. ("Calvin Fluker"). On November 14, 2011, plaintiff served process on Calvin Fluker via personal service at the Conecuh County Jail (where he is presently incarcerated), such that his answer or other responsive pleading was due not later than December 5, 2011 pursuant to Rule 12(a), Fed.R.Civ.P. Calvin Fluker did not file a timely answer or responsive pleading. For that reason, on December 28, 2011, the undersigned entered a Show Cause Order (doc. 20) requiring plaintiff to show cause why it had not sought entry of default against that defendant.

The December 28 Show Cause Order touched off a flurry of filings. On January 4, 2012, plaintiff filed a Response to Show Cause Order (doc. 25), explaining the reasons for its hesitation in seeking Rule 55 relief against Calvin Fluker even after the Rule 12(a) deadline expired. That Response to Show Cause Order is **noted**. For his part, Calvin Fluker (by and through counsel) filed a Motion to Dismiss (doc. 22) on December 29, 2011, the next day after the Show Cause Order was entered. He also filed an Answer (doc. 24) on January 3, 2012. These filings unequivocally reflect Calvin Fluker's intent to defend himself in this action.

Even after Calvin Fluker appeared and filed responsive pleadings, plaintiff filed a Motion for Entry of Default (doc. 26) and Motion for Default Judgment and Motion to Strike Untimely Responsive Pleadings (doc. 27) on January 4, 2012. The sole enumerated basis for these Motions is plaintiff's assertion that Calvin Fluker did not file an answer or other responsive pleading within the temporal parameters of Rule 12.

Both the Motion for Entry of Default and the Motion for Entry of Default Judgment are **denied** at this time. It is true that Calvin Fluker did not timely file a responsive pleading. It is likewise true that such an omission may support entry of default under Rule 55(a), Fed.R.Civ.P. But Calvin Fluker <u>did</u> file an Answer and a Motion to Dismiss before plaintiff ever sought entry of default and default judgment against him. Moreover, he acted diligently by filing a responsive pleading the very next day after the undersigned entered the Show Cause Order. This course of conduct demonstrates that Calvin Fluker desires to appear and defend against this action on the merits in accordance with the Federal Rules of Civil Procedure. Federal courts have long recognized that "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).[1] In light of that policy, the absence of any conceivable prejudice to plaintiff occasioned by the delay, and Calvin Fluker's prompt filing of a responsive pleading after the omission was brought to his attention, the Court will allow this action to proceed as to him on the merits. In short, Calvin Fluker having now appeared and expressed an intent to defend this matter on the merits, the Motions for Entry of Default and Default Judgment are **denied**.

There is a remaining question, however. Calvin Fluker did not file his responsive pleadings within the time frame prescribed by Rule 12(a), Fed.R.Civ.P. That deadline was mandatory, not aspirational. In light of his failure to comply with the deadline, plaintiff has asked that these responsive pleadings be stricken as a sanction. But Calvin Fluker has explained the delay by reference to extenuating circumstances relating to his competence, which may affect

---

[1] *See also Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."); *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations omitted); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1290 (S.D. Ala. 2010) (similar).

his capacity to accept service and his legal status as a defendant in this matter. (*See* doc. 29.)[2] Given the complexity and unresolved nature of these concerns (which plaintiff also cited as its ground for not seeking default earlier), and the appearance that he is proceeding in good faith with no intent to flout applicable rules, the Court accepts defendant's explanation for his delay, for purposes of Rule 6, Fed.R.Civ.P. Calvin Fluker's responsive pleadings will be allowed to remain in the court file, notwithstanding their untimely submission. Accordingly, plaintiff's Motion to Strike Untimely Filed Responsive Pleadings (doc. 27) is **denied**.

DONE and ORDERED this 5th day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In this Response, Calvin Fluker suggests that "the court needs to conduct a hearing" as to competency and requests that the Court "properly guide the parties and assist us in how best and appropriate to handle the issue of Mr. Fluker's mental competency." (Doc. 29, at 4.) But the parties have not submitted sufficient information, nor have they positioned this action in an appropriate procedural posture to shift this burden to the Court. As a threshold matter, the undersigned has been presented with only the vaguest of suggestions that Calvin Fluker is mentally incompetent to proceed in this action. "[A]ll persons are presumed to be competent" under the law. *Weeks v. Jones*, 52 F.3d 1559, 1569 (11th Cir. 1995). Courts are not obligated to launch such inquiries *sua sponte*. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2nd Cir. 2003) ("Neither the language of Rule 17(c) nor the precedent of this court or other circuits imposes upon district judges an obligation to inquire *sua sponte* into a … plaintiff's mental competence …."). Moreover, no party has filed a Rule 17(c)(2) motion for appointment of a guardian ad litem to represent his interests should he be incompetent. It is not at all clear that such appointment would be required in this case, given that doing so is necessary only "to protect … [an] incompetent person who is unrepresented in an action." Rule 17(c)(2), Fed.R.Civ.P.; *see also McLean v. GMAC Mortgage Corp.*, 2010 WL 3784527, *2 (11th Cir. Sept. 30, 2010) ("Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the [person's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed.") (citation omitted). Counsel has appeared for Calvin Fluker, and his interests (at least for purposes of the insurance issues at stake in this declaratory judgment action) may be fully aligned to those of certain other defendants (at least two of whom appear to be related to him and another appears to have been his employer at all relevant times). Based on these circumstances, it is not immediately obvious why his interests are not "otherwise adequately represented and protected" herein, as needed to mandate appointment of a guardian ad litem. Of course, this is not a final ruling on the matter, nor can it be because, again, the issue has not been squarely presented for adjudication, and courts do not issue advisory opinions. Should any party believe that the current arrangement is inadequate for any reason, and that judicial action under Rule 17(c) is appropriate, the Court will hear any motion that counsel may wish to submit, provided that it bears a sufficient factual showing and legal discussion to facilitate meaningful review of same.