IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0619-WS-C |
| ) | |
| PRESLEY-FLUKER FUNERAL ) | |
| DIRECTORS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on Defendant Calvin C. Fluker, Jr.'s Motion to Dismiss or for More Definite Statement (doc. 22), the Kirksey Defendants' Suggestion of Incompetency Upon the Record (doc. 32), and Defendant Calvin C. Fluker, Jr.'s Motion for Determination of Competency and for Appointment of Guardian *Ad Litem* (doc. 43). This Order will address these filings, as well as the manner in which this action will proceed with respect to Plaintiff's Motion for Summary Judgment (doc. 37) filed on January 23, 2012.

**I.     Relevant Background.**

Plaintiff, Maryland Casualty Company ("MCC"), brought this declaratory judgment action against a host of named defendants, including Presley-Fluker Funeral Directors, Inc. ("Presley-Fluker"), Calvin C. Fluker, Jr., Mary S. Fluker, and Larry Fluker (collectively, the "Fluker Defendants"), as well as Donald R. Kirksey and Kimberly M. Kirksey, both individually and as parents of Kortlann Kirksey and Dawson Ray Kirksey (collectively, the "Kirksey Defendants").

As alleged in the Complaint, the underlying facts are as follows: On February 14, 2011, Calvin Fluker (who was alleged to have been acting in his capacity as an agent, servant or employee of Presley-Fluker, and within the scope of such employment) negligently and/or wantonly operated a motor vehicle in such a manner that it struck a vehicle operated by Kimberly Kirksey. As a result of that collision, Dawson Kirksey died and Kortlann Kirksey sustained injuries. On July 5, 2011, the Kirksey Defendants filed multiple lawsuits against the

Fluker Defendants in the Circuit Court of Conecuh County, Alabama, concerning this automobile accident.  In particular, the Kirksey Defendants seek damages against Calvin Fluker (for negligently or wantonly operating the vehicle), against Mary Fluker (for negligently or wantonly entrusting her vehicle to Calvin Fluker), against Larry Fluker (for negligently or wantonly entrusting Mary Fluker's vehicle to Calvin Fluker), and against Presley-Fluker (for negligently or wantonly entrusting the vehicle to Calvin Fluker).

MCC issued an insurance policy, including general liability coverage, to Presley-Fluker that was in effect at the time of the accident.  In this action, MCC seeks a judicial declaration that it owes no duty to defend or indemnify the Fluker Defendants in the Kirksey litigation, for various reasons.  Among other grounds, MCC maintains that it is entitled to a declaratory judgment because (i) the insureds failed timely to comply with notice provisions in the policy, and (ii) the policy has an exclusion for bodily injury or property damage arising out of the ownership, maintenance, use or entrustment to others of any auto owned or operated by or loaned to any insured.  Plaintiff has filed a Motion for Summary Judgment (doc. 37) in this action seeking a prompt adjudication of these insurance coverage issues.  No briefing order has entered to date on that Rule 56 Motion, pending resolution of the Rule 12 and Rule 17 issues raised by certain defendants.

## II.     Calvin Fluker's Motion to Dismiss or for More Definite Statement.

The Court understands that defendant Calvin Fluker is an inmate at Conecuh County Jail/Detention Facility and that he faces serious criminal charges stemming from the automobile collision with the Kirkseys.  Nonetheless, Calvin Fluker has appeared in this action by and through attorney Amardo Wesley Pitters, who is also counsel of record for all of the other Fluker Defendants.  (Those other Fluker Defendants are Calvin Fluker's brother, sister-in-law, and purported employer.)  Attorney Pitters filed an Answer (doc. 24) on Calvin Fluker's behalf on January 3, 2012.  He also filed a Motion to Dismiss or for More Definite Statement (doc. 22) alleging that MCC's Complaint fails to state a claim as to Calvin Fluker because "he is not a party to the contractual relationship between Presley-Fluker Funeral Directors, Inc. and the Plaintiff."  (Doc. 22, at 2.)  In that Motion, Calvin Fluker denies that there is an "actual controversy" between himself and MCC, and further denies "any business relationship" directly between himself and MCC.  In the alternative to dismissal of the Complaint for failure to state a

claim, Calvin Fluker requests that MCC provide a more definite statement outlining "with specificity what is the controversy between he and the plaintiff." (*Id.* at 4.)

It is, of course, true that "a declaratory judgment may only be issued in the case of an 'actual controversy.' That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985); *see generally DiMaio v. Democratic Nat'l Committee*, 520 F.3d 1299, 1301 (11th Cir. 2008) ("It is by now axiomatic that Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies.") (citation and internal quotation marks omitted). Simply put, "[a] district court cannot entertain a suit for a declaratory judgment unless there is a 'definite and concrete' controversy." *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1275 n.14 (11th Cir. 2010). "The determination of whether an actual case or controversy exists is determined on a case-by-case basis." *GTE Directories Pub. Corp. v. Trimen America, Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation omitted).

The Complaint in its present form unquestionably states a claim against Calvin Fluker, and Calvin Fluker is unquestionably a proper defendant in this action. It is not necessary for MCC to establish that it entered into a direct contractual relationship with Calvin Fluker in order for there to be an actual controversy between them. Rather, it is sufficient for MCC to allege (as it has done) that it issued an insurance policy that may afford coverage to Calvin Fluker in connection with the claims brought against him in the Kirksey lawsuits, that MCC denies coverage, and that the parties dispute whether MCC has an obligation to defend and indemnify Calvin Fluker with respect to those state-court lawsuits. Tellingly, Calvin Fluker does not deny that he seeks coverage under the MCC policy with respect to the Kirksey lawsuits. He does not deny that he is enjoying the benefit of an MCC-furnished defense in the Kirksey lawsuits at this very moment. If Calvin Fluker wishes for MCC to continue providing him a defense in the Kirksey lawsuits and if he wishes for MCC to foot the bill for any judgment that may be entered against him in those cases, then it is entirely appropriate for MCC to name him as a defendant in this declaratory judgment action to clarify whether MCC in fact owes him any such duties or

obligations.  By all appearances, coverage under the MCC policy for the Kirksey litigation is precisely what Calvin Fluker and the other Fluker Defendants seek.

Under the circumstances presented, the Court is of the opinion that the Complaint adequately reveals a substantial controversy between MCC and Calvin Fluker of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  Calvin Fluker wants MCC to defend and indemnify him in the Kirksey lawsuits.[1]  MCC contends that it owes him no duty to do either.  That controversy is properly joined in the instant declaratory judgment action.  Moreover, it is set forth with sufficient specificity and clarity that a more definite statement is neither reasonably necessary nor appropriate.  *See, e.g., Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel*, 352 F. Supp.2d 1218, 1221 (S.D. Fla. 2005) ("[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.") (citations omitted); *Barandas v. Ross Dress for Less, Inc.*, 2012 WL 160060, *2 (S.D. Fla. Jan. 18, 2012) ("In the federal system the rules employ the concept of notice pleading and motions for more definite statement are disfavored ….") (citation omitted); *Smedley v. City of Ozark*, 2011 WL 3359993, *2 ("[A] motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer.") (citation omitted).  Calvin Fluker has more than sufficient information to frame a responsive pleading to the Complaint, and has in fact done so via his Answer filed a few days after his Rule 12(e) Motion.

For all of these reasons, Calvin Fluker's Motion to Dismiss or for More Definite Statement (doc. 22) is **denied**.

---

[1] To be clear, if Calvin Fluker disclaims any right to coverage under the MCC policy for the Kirksey lawsuits, then he may renew his Rule 12(b) motion based on that representation.  Stated differently, if Calvin Fluker maintains that MCC does not have to provide him a defense or indemnity in the Kirksey lawsuits, then his Rule 12(b)(6) argument would indeed have merit.  By all appearances, however, that is not and has never been Calvin Fluker's position with respect to coverage under the MCC policy.  To the contrary, Calvin Fluker is presently receiving a defense in the Kirksey litigation courtesy of MCC.  One of the primary bases for MCC filing this declaratory judgment action was that it seeks to be relieved of the obligation to continue furnishing such a defense.  As long as Calvin Fluker demands that MCC continue providing such a defense to him, there is an actual case or controversy between him and the insurance company that is properly joined in this action.

**III.     Competency Issues.**

The issue of Calvin Fluker's mental competency has once again bubbled up to the fore. In particular, the Kirksey Defendants have filed a "Suggestion of Incompetency" (doc. 32) as to Calvin Fluker, based solely on an exhibit reflecting that on April 29, 2011 Calvin Fluker entered a plea of "Not Guilty and Not Guilty by Reason of Mental Disease or Defect" to the underlying criminal charges he faces as a result of this automobile accident. Similarly, Calvin Fluker (again by and through Attorney Pitters) filed a "Motion for Determination of Competency and Appointment of Guardian ad Litem" (doc. 43) based on the self-same plea to the criminal charges, as well as the fact that a Conecuh County Circuit Court Judge ordered on August 2, 2011 that Calvin Fluker must undergo a mental examination by a state clinician, after which "a written report shall be submitted to the Court with copies to the Defense Attorney and the District Attorney," setting forth the opinions and conclusions of such examination. (Doc. 43, Exh. 2.)

Two significant defects in these filings weigh strongly against further judicial action with respect to the competency issue, at least in its present configuration. First, before setting the machinery of Rule 17(c) in motion and holding an evidentiary hearing as to Calvin Fluker's mental competency (as has been requested), with all of the attendant burden, expense and delay, the Court requires some threshold showing that Calvin Fluker is indeed mentally incompetent to proceed in this matter. The Court will not set this matter for hearing based on a blank canvas. To date, however, the parties have presented nothing other than a box checked on a form more than nine months ago indicating that Calvin Fluker entered a plea of "Not Guilty by Reason of Mental Disease or Defect." The record is devoid of evidence concerning what (if any) facts might support such a plea. Moreover, the mere fact that a state-court judge ordered Calvin Fluker to undergo a mental examination in the criminal case six months ago tells us <u>nothing</u> about the results of that exam. At a minimum, Attorney Pitters must work with Calvin Fluker's criminal defense counsel to determine the present status of that mental examination, to obtain a copy of the written report (if one has been prepared), and to file same under seal in this action.[2]

---

[2]  If this report has not been prepared, there are still abundant means through which Attorney Pitters may endeavor to make a threshold showing of incompetency on behalf of his client. For example, he could obtain and provide records from Calvin Fluker's mental health providers. He could attempt to arrange for a separate mental health examination of Calvin (Continued)

Given the ongoing competency evaluation process in the state-court action, it would be grossly inefficient for this Court to begin at square one when there is available information that the parties could collect and submit, but that they have not.

Second, the Court previously explained to the parties that "it is not immediately obvious why [Calvin Fluker's] interests are not 'otherwise adequately represented and protected' herein, as needed to mandate appointment of a guardian ad litem." January 5, 2012 Order (doc. 30), at 3 n.2; *see also McLean v. GMAC Mortgage Corp.*, 2010 WL 3784527, *2 (11th Cir. Sept. 30, 2010) ("Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the [person's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed.") (citation omitted). It remains entirely elusive why Calvin Fluker's interests in this case might not be "otherwise adequately represented and protected," within the meaning of *McLean*. After all, the other defendants include close family members who have hired a lawyer to represent Calvin Fluker in this case and whose interests appear 100% aligned with Calvin Fluker's for purposes of this declaratory judgment action. The insurance coverage issues presented in this case appear identical with respect to Calvin Fluker and to each of the other Fluker Defendants, who are also represented by counsel herein. Is there some reason to believe that Attorney Pitters cannot effectively represent Calvin Fluker's interests herein? Is there some reason to believe that the insurance coverage issues joined against Calvin Fluker in this action are in any way distinguishable from those joined against the other Fluker Defendants? Recall that MCC's principal argument in this case is that the subject insurance policy "specifically excludes coverage for losses arising out of the ownership or use of automobiles." (Doc. 40, at 1-2.) The interpretation of that exclusion would appear to be exactly the same as to Calvin Fluker as it is to the other Fluker Defendants. So by contesting the insurance coverage issues, the other Fluker Defendants would appear to be protecting Calvin Fluker's interests fully.

---

Fluker at the Fluker Defendants' expense. He could present a comprehensive summary of Calvin Fluker's history of mental health treatment and diagnoses (if any). To date, however, he has done none of these. The Court will not set this matter for competency hearing on the strength of mere speculation and innuendo, without the benefit of such additional information as Attorney Pitters may reasonably obtain and provide (again, under seal if appropriate) to shed light on the present mental competency of his client to proceed in this action.

In light of these defects, the Motion for Determination of Competency and for Appointment of Guardian ad Litem (doc. 43) is **denied** and the Suggestion of Incompetency (doc. 32) is **overruled**.

To be clear, the Court is not irrevocably slamming the door on any party's ability to litigate the issue of Calvin Fluker's mental competence or to request appointment of a guardian ad litem in this case. If the circumstances warrant it, the Court will of course appoint a guardian ad litem or take any other steps reasonably necessary to protect Calvin Fluker's interests in this case. What the Court will not do, however, is embark on a time-consuming and expensive competency inquiry without (i) a threshold showing (utilizing evidence that should be readily available to the parties with reasonable diligence) that Mr. Fluker may not in fact be mentally competent to proceed in this action; and (ii) a factual and legal showing that Calvin Fluker's interests are not adequately represented herein through the representation of Attorney Pitters and the pendency of apparently identical insurance coverage issues against the other three Fluker Defendants, who are vigorously litigating same. The parties are welcome to renew their Rule 17 submissions. But such renewed filings will be summarily rejected unless they address the above concerns by obtaining and submitting under seal all reasonably available evidence shedding light on Calvin Fluker's present mental competency, and performing the necessary legal research and analysis to explain why Calvin Fluker's interests are not adequately represented in this action at the present time.

### IV.   Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Calvin Fluker's Motion to Dismiss or for More Definite Statement (doc. 22) is **denied**;

2. The Motion for Determination of Competency and for Appointment of Guardian ad Litem (doc. 43) is **denied** and the Suggestion of Incompetency (doc. 32) is **overruled**; and

3. With respect to Plaintiff's Motion for Summary Judgment (doc. 37), any party opposing the Motion must respond in the manner set out in Rule 56, Fed.R.Civ.P., and Local Rule 7.2 on or before **March 5, 2012**. If the movant deems it necessary to reply to the brief filed in opposition to the motion, the reply brief must be filed on or before **March 19, 2012**. The Court will take the Motion for

Summary Judgment under submission on **March 19, 2012**. Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

DONE and ORDERED this 6th day of February, 2012.

s/ WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE